UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSELAINE JEAN,

    Plaintiff,

v.                                                Case No:  2:16-cv-569-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Partially Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 33) filed on October 30, 2017. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA") for an award of attorney's fees in the amount of $7,425.55. Doc. 33 at 1. Plaintiff attaches an itemization of time confirming a total of 1.70 hours expended at the hourly rate of $192.68 in 2016 and 36.40 hours expended at the hourly rate of $195.00 in 2017. *Id.* at 14-15. Plaintiff states the Commissioner opposes the requested relief to the extent that the present petition was filed before the time to appeal has expired. *Id.* at 1 n.2. The Commissioner does not oppose the requested relief in other respects. *Id.* As of this date, the time to file a notice of appeal had expired, and neither parties have filed a notice. The Commissioner has not filed a response to the present petition, creating a presumption that the petition is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP,

2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). For the reasons stated herein, the petition is due to be granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

On September 29, 2017, this Court entered an Opinion and Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 31. Judgment was entered on September 29, 2017. Doc. 32. Plaintiff asserts the Commissioner's position in the underlying action was not substantially justified, and her net worth at the time this proceeding was filed was less than two million dollars. Doc. 33 at 2. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly

rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting adjusted hourly rates that are authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work she and her co-counsel performed in 2016 and 2017. Doc. 33 at 3. Because the Commissioner does not object to the adjusted hourly rates sought and they are within the rates permitted by the EAJA, the Court finds $192.68 per hour for 2016 and $195.00 per hour for 2017 are appropriate and reasonable hourly rates. Plaintiff's counsel also has submitted a schedule of hours that include an itemization of legal services performed. Doc. 33 at 14-15. After reviewing the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Partially Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 33) is **GRANTED**. Attorney's fees in the total amount of $7,425.55 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $7,425.55 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record