UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSELAINE JEAN,

    Plaintiff,

v.                                                         Case No. 2:16-cv-569-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court is an Unopposed Petition for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 36). Plaintiff Roselaine Jean's attorney Carol Avard requests the Court award attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $17,252.12, which represents 25% of Jean's past-due Social Security disability benefits. (Doc. 36, p. 1). Avard represents that the Commissioner does not oppose the relief requested. (Doc. 36, p. 3).[1] For the reasons discussed below, the Court grants the motion.

On September 29, 2017, the Court entered an Opinion and Order (Doc. 31), reversing the decision of the Commissioner and remanding the action to the

---

[1] Going forward, the Court reminds counsel that new Local Rule 3.01(g), effective February 2021, requires a separate certification of compliance.

Commissioner to:` "[d]evelop a full and fair record by conducting a hearing with the assistance of an interpreter;" "[c]onsider and evaluate Plaintiff's neck injury and borderline intellectual functioning;" and "[c]onduct any further proceedings deemed appropriate." (Doc. 31, p. 14). A judgment was entered on the same day. The Court awarded $7,425.55 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 34). Avard now seeks additional fees under 42 U.S.C. § 406(b) from Jean's past-due benefits. (Doc. 36). Specifically, Avard requests an award of $17,252.12 and, upon receipt of the § 406(b) fees, she will return the EAJA fees in the amount of $7,425.55 to Jean. (Doc. 36, pp. 1-2).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before

the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht* , 535 U.S. at 796).

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht* , 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

First, the Court reviewed Avard and Jean's "Federal Court 406(b) Fee and Cost Agreement." (Doc. 36-2). In the agreement, Avard and Jean "agree that the Attorney may charge 25% of retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court, representing work done before the Federal Court." (Doc. 36-2). The Court finds this agreement comports with 42 U.S.C. § 406(b) in that it allows

a fee award equal to but not more than 25% of the past-due benefits. Thus, the Court finds this agreement is reasonable.

Second, the Court looks to see if counsel delayed this case. The Court finds no evidence of delay. Lastly, the Court considers whether the benefits are large in comparison to the amount of time counsel spent on this case. In this Court's November 30, 2017 Order, (Doc. 34), the Court reviewed the number of hours expended in this case and the hourly rate and found both to be reasonable. (Doc. 34, p. 3). In conjunction with the instant Motion, the Court reviewed: (1) the number of hours Jean's counsel expended and the hourly rates (Doc. 33, pp. 14-16); and (2) the Social Security Administration's Notice of Award (Doc. 36-1). After consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $17,252.12 is reasonable.

Accordingly, the Unopposed Petition for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED** and the Court awards § 406(b) fees in the amount of $17,252.12. Upon receipt of these funds by Avard, the Court directs her to remit $7,425.55 to Jean.

**ORDERED** in Fort Myers, Florida on June 25, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE